UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TABETHA M.,                                              Case No. 6:22-cv-00711-AR

        Plaintiff,                                   OPINION AND ORDER

      v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____

**ARMISTEAD, Magistrate Judge**

       In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Tabetha M. (her last name omitted for privacy) challenges the Administrative Law Judge's (ALJ) evaluation by failing to make a vocational finding at step five supported by

Page 1 – OPINION AND ORDER

substantial evidence. Because the court finds the ALJ did not err, the Commissioner's decision is affirmed.[1]

## ALJ'S DECISION

Plaintiff applied for Title II Disability Insurance Benefits (DIB) on March 25, 2019, alleging disability beginning September 1, 2016. (Tr. 177.) Her claim was initially denied on December 30, 2019, and again upon reconsideration on March 15, 2020. (Tr. 68-69, 82-83.) Afterwards, plaintiff filed for a hearing that was held before the ALJ on May 5, 2021. (Tr. 30.)

In denying plaintiff's applications for DIB, the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ determined plaintiff has not engaged in substantial gainful activity since the alleged onset date. (Tr. 17.) At step two, the ALJ determined that she had the following severe impairments: major depressive disorder, generalized anxiety disorder with panic, morbid obesity, and fibromyalgia. (Tr. 17.) At step three, the ALJ determined that her impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 18.)

As for the ALJ's assessment of plaintiff's residual functional capacity (RFC), 20 C.F.R. §§ 404.1545, 416.945, the ALJ determined that plaintiff has the RFC to perform light work with the following limitations: lift, carry, push, and pull 20 pounds occasionally and 10

---

[1]   This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]   To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

pounds frequently and sitting six hours of an eight-hour workday; stand and walk for no more than four hours of an eight-hour workday; occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds; occasionally stoop, kneel, crouch, and crawl; avoid work at unprotected heights and no exposure to moving mechanical parts; can understand, remember, and carryout simple, routine tasks (reasoning level 2 or less) with simple work-related decisions; can have occasional interaction with supervisors, coworkers, and the public; and would be off task less than five percent scattered through the workday.

At step four, the ALJ determined that plaintiff is unable to perform any past relevant work as a fast-food worker. (Tr. 23.) In light of her RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that plaintiff can perform, including such representative occupations as routing clerk, labeler, and collator operator. (Tr. 24.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

\\\\\
\\\\\

## DISCUSSION

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite [her] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); 20 C.F.R § 416.920(g). In making this determination, the ALJ relies on the Dictionary of Occupational Titles (DOT), which is the Social Security Administration's "primary source[] of reliable job information" regarding jobs that exist in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R §§ 416.969, 416.966(d)(1).

The ALJ relies on the testimony of a vocational expert (VE) to identify specific occupations that a claimant can perform considering her RFC. 20 C.F.R § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). When there is an apparent conflict between the vocational expert's testimony and the DOT, the ALJ is required to reconcile that inconsistency by posing questions about the potential conflict. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Nevertheless, if the ALJ fails to ask the vocational expert about the potential conflict, that "procedural error" may be "harmless" if there is no conflict between the vocational expert's testimony and the DOT. *Id*. at 1154 n.19.

Here, the ALJ found at step five that plaintiff could perform the occupations of routing clerk (DOT #333.687-022), labeler (DOT #229.587-018), and collator operator (DOT #208.685-010). (Tr. 24.) Each of these occupations are listed as unskilled, light work, and total approximately 100,000 jobs in the national economy combined. (Tr. 24.) Plaintiff does not challenge the ALJ's assessment of her RFC, nor does she put forth an argument for more limitations than the ALJ assessed; instead, plaintiff argues only that the VE's testimony creates a

conflict with the Dictionary of Occupational Titles (DOT) that the ALJ was compelled to reconcile, yet failed to do so. This conflict, plaintiff argues, arises from plaintiff's RFC placing her in the light category, and the VE's testimony that all three jobs "would fit, actually more into the sedentary category," leaving open the question of whether jobs in the light category exist in the national economy that plaintiff could still perform. (Pl.'s Br. 6, ECF 15, citing Tr. 51.) A conflict exists, in plaintiff's view, because if she is only capable of sedentary work, given her age (52), she would be considered disabled under grid rule 202.11. (Pl.'s Br. 8, ECF 15.) Plaintiff's arguments are unpersuasive here for three reasons.

      First, when the VE's testimony is viewed in its entirety, it becomes clear that the VE was referring to the labeler and collator jobs as "more into the sedentary category" and that the routing clerk is in the light category. At the hearing, the ALJ posed a hypothetical to the VE that included all the limitations found in her RFC. (Tr. 24, 47.) In response, the VE testified that plaintiff could perform three occupations: routing clerk, labeler, and collator operator. (Tr. 48-49.) The ALJ also confirmed with the VE that his testimony was consistent with the DOT. (Tr. 49.) Following the ALJ's examination of the VE, plaintiff's counsel posed the same hypothetical to the VE with the added limitation of an at will sit or stand option, asking the VE if the identified jobs could still be performed. (Tr. 50.) The VE responded that "the routing clerk would be questionable, so I would eliminate that," leaving the other two occupations of labeler and collator operator because they had "the ability to sit and stand at will." (Tr. 50.) Plaintiff's counsel continued this line of questioning asking, "in that case, what is it that makes these jobs light exertion level." (Tr. 51.) The VE testified that while the labeler and collator operator are

Page 5 – OPINION AND ORDER

listed as light, they "are more in line with the sedentary category" because of the amount lifted and because they are "typically completed while seated." (Tr. 51.)

Plaintiff's counsel's hypothetical that added an at will sit or stand option led to the revelation that two of the occupations the VE identified fit more into the sedentary category but revealed no such category shifting about the routing clerk. Under questioning, the VE eliminated the routing clerk position from contention because it could not be done with the proposed at will sit or stand option, and therefore was not considered when counsel's questioning continued. Plaintiff's counsel's questioning of the VE foreclosed the possibility that all three occupations are sedentary because the modified hypothetical and subsequent questioning only pertained to the two occupations that fit counsel's proposed hypothetical. Had plaintiff wished for more clarity, counsel could have asked a follow-up question specifically about the routing clerk but declined to do so.

Properly viewed, the VE's testimony demonstrates that the ALJ's determination that plaintiff could perform all three occupations is reasonable and supported by substantial evidence. In his decision, the ALJ noted that plaintiff could still perform all three occupations because even if as performed "the demands may trend downward into the sedentary range as many do not involve lifting more than 10 pounds and *can* be performed while seated," the VE "did not testify that all the jobs were performed in such a manner." (Tr. 24 (emphasis in original.) Although plaintiff contends that the VE's testimony created a conflict about sedentary versus light work, the ALJ reasonably interpreted the VE's statements to exclude the routing clerk position from sedentary work because it cannot be performed with the sit or stand limitation. Plaintiff argues for a more favorable reading of the record, but "the court will uphold the ALJ's conclusion when

the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Second, in stating that plaintiff could still perform all three jobs, the ALJ was not required to accept plaintiff's counsel's hypothetical limitation that included an at will sit or stand option because that limitation was not included in the RFC. Plaintiff does not challenge the ALJ's RFC assessment or the ALJ's rejection of an at will sit or stand restriction. An ALJ is not "bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." *Magallenes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986)). The ALJ is "free to accept or reject these restrictions . . . as long as they are supported by substantial evidence." *Martinez*, 807 F.2d at 774. Because the at will sit or stand limitation was not included in the RFC and the RFC is unchallenged here, those findings are not subject to reassessment by this court.

And third, even if the labeler and collator operator jobs are eliminated as being sedentary, the ALJ has carried its burden at step five to show that jobs exist in significant numbers in the national economy that plaintiff can perform. The routing clerk occupation is light work, comports with plaintiff's RFC, and has approximately 35,000 jobs in the national economy, which constitutes a significant number. *See Tommasetti*, 533 F.3d at1043-44 (holding that, given claimant's residual functional capacity, a single occupation with a significant number of jobs in the national economy was adequate). Therefore, the ALJ's step five finding is supported by substantial evidence and any perceived error is harmless. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding that error that is inconsequential to the ultimate nondisability determination is harmless error).

## CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision, and this action is DISMISSED.

ORDERED on September 29, 2023.

                                                                                                                                                                                                        _____
                                                                                                                                                                                                        JEFF ARMISTEAD
                                                              United States Magistrate Judge